```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JODY LEMOINE, ET AL.**                                **CIVIL ACTION**

**VERSUS**                                              **No. 07-8478**

**UNITED STATES OF AMERICA**                            **SECTION "B" (3)**

ORDER AND REASONS

Before the Court is Defendant's United States of America ("Defendant") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Rec. Doc. No. 15). Plaintiffs Jody Lemoine, Lena Meyers, and John Brosette ("Plaintiffs") filed a Memorandum in Opposition to said motion (Rec. Doc. No. 20) and Defendant filed a Reply Memorandum (Rec. Doc. No. 24). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

*BACKGROUND*

This action arose from an accident that occurred on November 30, 2005, between Plaintiffs and Sergeant Nicholas Gee ("Sergeant Gee"), a Louisiana National Guardsmen. On November 30, 2005, Sergeant Gee was driving a military truck from Belle Chase Naval Air Station to haul recycled asphalt. While in route, Plaintiffs pressed the brakes of the car they were in and Sergeant ran into the back of them. As a result, Plaintiffs filed suit seeking tort damages. Defendant has now filed the instant motion seeking to

dismiss this action for lack of subject matter jurisdiction based on the United States' immunity from suit or alternatively, to grant summary judgment in its favor.

Defendant argues that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction because its immunity is only waived in circumstances where the law of the place where the act or omission occurred imposes tort liability on a private person. Defendant further asserts that if it was a private person or entity, Louisiana would not impose liability on it because the private person, like Mr. Gee, would be acting under the Louisiana Homeland Security and Emergency Assistance and Disaster Act (LA. REV. STAT. ANN. §§ 29:721-736) ("Emergency Assistance Act") in response to Hurricane Katrina and would further be acting as a borrowed servant or agent of the State of Louisiana in hauling asphalt.

Alternatively, Defendant contends that even if this Court finds that there is subject matter jurisdiction, the Court should grant summary judgment in its favor because the FTCA does not impose liability upon the United States under the circumstances of this action.

Plaintiff simply argues that the Emergency Assistance Act does not apply to this case because the state of emergency declared by Governor Kathleen Blanco was no longer in effect at the time of the incident. Plaintiff claims that the state of emergency ended on

November 24, 2005, whereas, the incident occurred six days later on November 30, 2005. Plaintiff states that had the state of emergency still been in effect, then Defendant should be extended immunity under the Emergency Assistance Act.

## *DISCUSSION*

**A. Motion to Dismiss**

Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure govern dismissals for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006 (5th Cir. 1998). A motion to dismiss under Rule 12(b)(1) requires that the Court only examine whether it has jurisdiction to hear the case; it does not call for intrusion into the merits of the claim. *Bell v. Hood*, 327 U.S. 678, 682(1946). Once the court determines that there is a lack of subject matter jurisdiction, dismissal is appropriate.

**B. Federal Tort Claims Act (FTCA)**

The United States is immune from suit except where expressly provided by Congress. Under the Federal Tort Claims Act ("FTCA"), suits against the United States are authorized "for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while

acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2672. *Johnson v. Sawyer*, 4 F.3d 369 (5th Cir. 1993) ("To recover under the FTCA, [plaintiff] must have been able to succeed against the [federal] government in a *state* law tort cause of action."(emphasis in original)). The FTCA also provides that the United States will be liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. *Id.* (citing *Artez v. United States*, 604 F.2d 417, 427 (5th Cir. 1979)). "[L]aw of the place," as the phrase is used in 28 U.S.C. § 1346(b), "refers exclusively to state law." *Brown v. United States*, 653 F.2d 196, 201 (5th Cir. 1981).

The place of the act or omission in this case is Louisiana and its law should apply. Defendant argues that the Court should apply Louisiana's Emergency Assistance Act, which provides immunity for the state and its political subdivisions and other agencies, as well as the agents' employees and representatives while engaged in any emergency preparedness activities, except in the case of willful misconduct. There is an immunity provision in this Act which states the following:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of

4

> them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter, shall be liable for the death of any injury to person or damage to property as a result of such activity.

LA. REV, STAT. ANN. § 29:735(A)(1). Under this provision, a private individual under circumstances likened to Mr. Gee would be afforded immunity from tort liability if: (1) he had been an agent of the state (2) he had engaged in emergency preparedness activities, and (3) he had complied with regulations of the Emergency Assistance Act.

Defendant primarily relies on two cases in support of its argument that Louisiana law would not impose liability upon a private individual under like circumstances. First, Defendant relies on *Robin V. United States*, 2006 WL 2038169 (E.D. La. 2006), where a special agent for the United States Fish and Wildlife Services struck and injured a pedestrian with his vehicle while assisting with a rescue operation. The court found that in assisting with the rescue operation, the federal agent functioned as a representative of the state agency as provided under the Emergency Assistance Act. *Id.*

Defendant also cites *Martin v. United States*, Civ. No. 07-663 (M.D. La. 2007), where the plaintiff filed suit against a member of the Illinois National Guard who was driving to perform Hurricane Katrina relief operations when his tires struck the plaintiff's

5

car. The court found that the defendant's duties were within the Emergency Assistance Act and therefore, immunity should be extended. *Id.*

Plaintiffs do not oppose the case law and propositions cited by Defendant, but argues that the cases relied on by Defendant are inapplicable to the case at bar because in those cases the order declaring a state of emergency were still in effect at the time of the incidents. (Rec. Doc. No. 19, pg. 3). In contrast, Plaintiffs argue that the accident, which occurred on November 30, 2005, occurred six days after the state of emergency ended on November 24, 2005, making it impossible for Defendant's activities to fall under the Emergency Assistance Act. However, Plaintiff's assessment is incorrect. Governor Blanco entered a proclamation that extended the state of emergency through December 24, 2005. (*See* Def. Exhibit 1, Proclamation No. 68 KBB 2005). As a matter of fact, the state of emergency was subsequently extended through June 22, 2006. (*See* Def. Exhibit 2, Proclamation No. 27 KBB 2006). Thus, a state of emergency was still in effect at the time of the subject accident.

Based on the above, the Court finds that a private individual in like circumstances would be considered an agent of the state. An agency relationship existed between Mr. Gee and the state due to the direct control that the state had over Mr. Gee while performing military operations. Mr. Gee was also acting under the Emergency

Assistance Act when hauling asphalt pursuant to orders.  Moreover, there is no evidence cited by Plaintiffs which would indicate willful conduct as to put Defendant in violation of the Emergency Assistance Act regulations.  Therefore, immunity must be afforded to Defendant.

Accordingly,

    **IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

    New Orleans, Louisiana, this 13th day of August, 2009.

                                   IVAN L. R. LEMELLE
                          UNITED STATES DISTRICT JUDGE